IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD LEON MOORE,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | )<br>)<br>)  CIVIL ACTION NO. 13-00047-KD-B<br>)<br>)  CRIMINAL ACTION NO. 11-00229-KD-B<br>)<br>) |

## ORDER

This action is before the Court on the "Motion to Stay and Abey [sic] Motion for Reconsideration Rule 59(e)" (Doc. 86) filed *pro se* by Petitioner Richard Leon Moore ("Moore") and dated April 14, 2014. On March 21, 2014, the Court appointed the Federal Defender's Office for the Southern District of Alabama to represent Moore at the evidentiary hearing in this action, currently set for June 18, 2014.[1] (Doc. 83). When an attorney of record represents a party, his attorney must sign all filings on behalf of that party. Compare SD ALA LR 5.1 (b) ("At least one attorney or party appearing in any action in this Court shall sign each document filed. In addition, there shall be included directly beneath the signature line, the typed or printed name, address, telephone number (voice and facsimile) and attorney identification number of all attorneys of record in the action representing that party.") with SD ALA LR 83.5(h) ("Unless disbarred or suspended, attorneys shall be held at all times to represent the parties for whom they appear of record in the first instance until, after formal motion and notice to such parties and to opposing counsel, they are permitted to withdraw from such representation."). See also Charest v. Mitchem, Case No. 1:10-cv-00067-CG-C (S.D. Ala. March 26, 2013) (Doc. 67, Endorsed Order striking the petitioner's filings "because petitioner is represented by counsel and may not file pro se pleadings while represented"); July v. Bd. Of Water & Sewer Comm'rs, CA No. 11-

---
[1] Currently, Federal Defender Carlos Williams is listed as attorney of record for Moore.

0635-WS-N, 2013 WL 66646, at *2 n.2 (S.D. Ala. Jan. 4, 2013) (noting that the plaintiff's motion was defective because it was filed *pro se* when plaintiff was represented by counsel); United States v. Hands, No. Crim .A. 97-0024-CB, Civ. A. 99-1087-CB, 2005 WL 1614657, at *1 (S.D. Ala. June 22, 2005) (striking *pro se* motion filed by plaintiff because plaintiff was represented by counsel); Hutchinson v. Florida, 677 F.3d 1097, 1107 (11th Cir. 2012) ("Even if a client wanted to correct his lawyer's mistakes, he would not be entitled to do so. A prisoner does not have a right to file pro se pleadings while represented by counsel.") (citing United States v. Gwiazdzinski, 141 F.3d 784, 787 (7th Cir. 1998))). Accordingly, it is **ORDERED** that Moore's *pro se* motion (Doc. 86), filed while represented by counsel, is **STRICKEN** for being improperly filed.[2]

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Moore at his address of record.

**DONE** and **ORDERED** this the **18th** day of **April 2014.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court notes that the striking of the motion does not prejudice Moore. Under Federal Rule of Civil Procedure 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment" (emphasis added). Judgment under Federal Rule of Civil Procedure 58 has not yet been entered in this action.