# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD LEON MOORE,** ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> **UNITED STATES OF AMERICA,** ) <br> ) <br> Respondent. ) | Civil Action No. 13-00047-D-B <br><br> Criminal Action No. 11-00229-KD-B |

## ORDER

This action is before the Court on the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("the Petition") (Doc. 66) and supporting affidavit (Doc. 67-1) filed by Petitioner Richard Leon Moore ("Moore"), a federal prisoner proceeding *pro se*; the Government's Response in opposition (Doc. 74); and Moore's Reply (Doc. 75) and Supplemental Reply (Doc. 79) to the Response. Previously, the Court denied without an evidentiary hearing, all of Moore's claims but for his claim that his counsel was ineffective for failing to file an appeal (doc. 82).

By separate order, the issue was set for an evidentiary hearing (doc. 83). After several continuances, the evidentiary hearing was held on September 12, 2014. Moore, his counsel, Sidney M. Harrell, Jr., and Adam Overstreet, Assistant United States Attorney, were present. Moore's prior counsel testified at the hearing. Accordingly, upon consideration of the motion, response and replies and parties' respective arguments and the testimony presented at the evidentiary hearing, the Court finds that Moore's claim regarding counsel's alleged failure to file an appeal is DENIED.

I. Procedural History

On August 25, 2011, a Grand Jury of this district returned an indictment against Moore and a co-defendant. (Doc. 1) The indictment alleged eight counts against Moore. Count One alleged a violation of 21 U.S.C. § 846 – specifically, conspiracy to violate 21 U.S.C. § 841(a)(1) by possessing with intent to distribute a mixture and substance containing a detectable amount of cocaine ("crack cocaine"), "[b]eginning on or about November 1, 2010, and continuing until on or about the date of the return of th[e] indictment." Count One also charged that "[t]he quantity of crack cocaine involved in the conspiracy exceeded 28 grams[,]" thus making Moore "subject to the penalty provisions of Title 21, United States Code, Section 841(b)(1)(B)." (Doc. 1 at 1-2) The remaining seven counts alleged various violations of § 841(a)(1) involving crack cocaine occurring at various times during the period of the alleged conspiracy.

At Moore's initial appearance and arraignment on September 14, 2011, Moore entered a plea of not guilty, and attorney W. Gregory Hughes ("Hughes"), a member of this district's CJA panel, was appointed to represent him. (Docs. 17-19) On October 7, 2011, Moore filed his notice of intent to plead guilty to Count One (Doc. 28), along with a Plea Agreement and Factual Resume (Docs. 29-30)[1]. On October 11, 2011, the Government filed an Enhancement Information pursuant to 21 U.S.C. § 851(a). (Doc. 34 [duplicate at Doc. 35]) On October 18, 2011, Moore, accompanied by counsel, pled guilty to Count One of the indictment. (Doc. 37)

On February 7, 2012, prior to sentencing, attorney Bruce Maddox ("Maddox") entered a notice of appearance on behalf of Moore. (Doc. 41) Hughes accordingly moved for leave to withdraw from further representation of Moore (Doc. 42), which was granted on February 10,

---

[1] The Court notes that Hughes signed the factual resume (Doc. 30) but not the Plea Agreement (Doc. 29). Moore and counsel for the Government signed both documents.

2012 (Doc. 43) The Probation Office entered a Presentence Investigation Report for Moore on April 11, 2012. (Docs. 55-58) On June 13, 2012, Moore entered his position regarding sentencing factors enumerated in the Presentence Investigation Report, stating: "[A]lthough he has objections to certain factual matters in the presentence report, none of those objections, if sustained, would alter either the Offense Level calculation or the Criminal History Category. He therefore does not object to the ultimate calculations of the Presentence Investigation Report." (Doc. 62)

On June 15, 2012, the Court sentenced Moore to 188 months imprisonment, followed by 6 years of supervised release. (Doc. 64) On June 19, 2012, Moore filed a Notice of Non-Appeal with the Court. (Doc. 63) No direct appeal was taken. On January 23, 2013, Moore then timely filed his Petition pursuant to 28 U.S.C. § 2255 (Doc. 66).

Moore asserted four claims for relief in his Petition: That his counsel failed to file a notice of appeal, despite his express request that an appeal be taken; that the Court lacks jurisdiction to enhance his sentence; that his guilty plea was "unknowing, involuntary and without the advice of competent counsel;[2] and that he was denied his Sixth Amendment right to the effective assistance of counsel. By order entered March 21, 2014 (doc. 82), the Court denied

---

[2] The Court previously found that because Moore did not directly appeal his conviction, any challenge to the voluntariness or intelligence of his guilty has been defaulted, and could be raised in a § 2255 petition only if Moore can demonstrate either cause and actual prejudice or actual innocence. (Doc. 82, p. 11-12). Moore does not argue that his actually innocent. He does argue that his counsel failed to file an appeal after he directly requested that he do so. Because ineffective assistance is a cause for procedural default, *Murray v. Carrier,* 477 U.S. 478, 488 (1986), and prejudice is presumed when counsel fails to file an appeal that a defendant expressly requests, *see Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000), if Moore is successful on this claim, may be able to show cause and prejudice sufficient to excuse his failure to challenge his guilty plea on direct appeal. (Doc. 82, p. 11-12). However, in the prior Order, the Court assumed that Moore could overcome the procedural default and analyzed the merits of his argument. The Court then found that his challenges to the voluntariness and intelligence of his guilty plea were meritless. (Doc. 82, p. 12).

all of Moore's claims but for his claim that counsel was ineffective for failing to file an appeal despite Moore's express request. That claim is now pending before the Court for resolution.

II. Analysis

    a. Applicable Legal Principles

        1. Habeas Generally

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence . . . If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(a)-(b).

Habeas relief is an extraordinary remedy which "may not do service for a[] [direct] appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). A petitioner who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." Id. at 164. "[U]nless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained far more limited . . . [A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (citation

and quotation omitted). *See also Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir. 1998) ("Nonconstitutional claims can be raised on collateral review only when the alleged error constitutes a fundamental defect which inherently results in the miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure.") (citations and internal quotations omitted). "A habeas petitioner must present a claim in clear and simple language such that the district court may not misunderstand it." *Dupree v. Warden*, 715 F.3d 1295, 1299 (11th Cir. 2013). However, the Court "liberally construe[s] petitions filed pro se." *Id.*

Moore took no direct appeal of the conviction and sentence in his underlying criminal case. In general, claims not raised on direct appeal may not be considered on collateral attack. *E.g., Massaro v. United States*, 538 U.S. 500, 504 (2003). A petitioner can, nevertheless, overcome his procedural default of claims not raised on direct appeal:

> To obtain collateral relief on errors that were not raised on direct appeal, [a petitioner] "must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 167–68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982). This standard is "a significantly higher hurdle than would exist on direct appeal." Id. at 166, 102 S. Ct. 1584 . . .
> . . . "Constitutionally ineffective assistance of counsel can constitute cause" under *Frady*. *Holladay v. Haley*, 209 F.3d 1243, 1254 (11th Cir. 2000). "In order to do so, however, the claim of ineffective assistance must have merit." *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir.2000).

*Brown v. United States*, 720 F.3d 1316, 1333 (11th Cir. 2013). *See also Cross v. United States,* 893 F.2d 1287, 1289 (11th Cir. 1990).[3]

However, "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255."

---

[3] A defendant may also obtain collateral relief on errors not raised on direct appeal if he demonstrates actual innocence. *E.g., Bousley v. United States*, 523 U.S. 614, 622 (1998). However, Moore does not assert actual innocence in his petition.

5

*Massaro*, 538 U.S. at 509. Indeed, "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Id*. at 504.

### 2. Ineffective Assistance of Counsel

The Sixth Amendment gives criminal defendants the right to effective assistance of counsel. U.S. Const., amend. VI; *Strickland v. Washington*, 466 U.S. 668, 684-86 (1984). To prevail on a claim of ineffective assistance of counsel, the petitioner must demonstrate: (1) that his counsel's performance fell below an objective standard of reasonableness; and (2) that he suffered prejudice as a result of that deficient performance. *Strickland*, 466 U.S. at 687-88. Thus, a petitioner must establish both prongs of the Strickland test. *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001). With respect to the deficient performance prong, the petitioner must show that his counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. *Strickland,* 466 U.S. at 687. Of course, there is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance. *Id*. at 689. Counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. *Id.*

In addition to deficient performance, a petitioner asserting an ineffective assistance of counsel claim is also required to demonstrate prejudice. *Purvis v. Crosby*, 451 F.3d 734, 743 (11th Cir. 2006). Prejudice is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. It is not enough for the petitioner to show that the error had some conceivable effect on the outcome of the proceeding. Rather, the petitioner must show that the result would have been different. *Id.* at 693.

b. Moore's claim that trial counsel failed to file an appeal (Ground 1)

As to this claim, Moore asserts that "he was denied his constitutional right to appeal his sentence by counsel's failure to file a requested appeal and/or by counsel's failure to constitutionally consult him regarding an appeal[,]" as Moore "specifically requested an appeal which was never filed." (Doc. 82, at 22, citing Doc. 66 at 4). In an affidavit submitted with his Petition, Moore avers: "[I]mmediately following sentencing, I told attorney Maddox that I wanted to appeal . . . [A]ttorney Maddox told me that he would appeal, as requested . . . [A]ttorney Maddox provided a form for me to sign stating that I wanted to appeal . . . I subsequently learned that no appeal had been filed as requested . . . [H]ad I known that attorney Maddox was not going to file the appeal, as requested, I would have dons [sic] so myself." (Doc. 67-1 at 4). Moore substantially repeated these assertions in a letter to the Court dated July 11, 2013 (Doc. 79 at 3-4), which was received after the Petition was taken under submission.

As discussed in the Court's prior order, the Government in response points to the Notice of Non-Appeal (Doc. 82, at 28, Doc. 63) filed after Moore's sentencing, which states, in relevant part:

> I have been advised by the Court and by my attorney of my right to appeal my conviction and sentence. I have consulted with my attorney, who has explained the advantages and disadvantages of taking an appeal. I have had sufficient time to consider my options and require no further explanation. After consideration, it is my desire to inform the Court that I do not wish to take an appeal.

Moore's signature appears below this passage, and the signature is dated "6-15-12," the day of Moore's sentencing. In reply to the Government's argument, Moore again references the above-stated passages from his affidavit and claims "that the only document he signed was the one in which attorney Maddox provided him, and that without reading the document, he signed it." (Doc. 75 at 2). Moore further suggests:

> To the extent that the government suggests that the document Moore signed was a Notice of Non-Appeal, as opposed to what attorney Moddox [sic] purported the document to be, then fraud has clearly been made upon this court. Immediately following sentencing, attorney Maddox knew that Moore was extremely upset and adamently [sic] demanded that an appeal be filed. Thus, if attorney Maddox took advantage of Moore's mental state to have him sign the Notice of Non-Appeal, misleading him into believing that it was a document to file an appeal, then a further grave miscarriage of justice has occurred.

(Doc. 75 at 2). Based on these representations, the court held an evidentiary hearing to determine whether an appeal was requested.

At the evidentiary hearing, the United States presented the testimony of Bruce Maddox, petitioner's attorney at his sentencing. Maddox elaborated on his conversation with petitioner immediately after Moore was sentenced. Specifically, Maddox testified that he explained and presented the notice of non-appeal to Moore and that Moore questioned whether he was required to sign it. Maddox testified that he told Moore that he was not required to sign it but that it might be seen as a violation of his plea agreement if he did not sign it. Maddox also testified that he "absolutely" did not tell Moore that what he was signing was a notice to appeal. Maddox said that Moore did not request an appeal at that time. Rather, a month or so later, Maddox was contacted about an appeal by a family member of Moore.

Moore presented no evidence at the hearing.

The court finds the testimony of Maddox, regarding the communication between Maddox and Moore concerning the appeal of Moore's case, credible. Specifically, the court finds that Moore knowingly signed the notice of non-appeal and that Moore did not timely request that an appeal be filed. Accordingly, the court finds that counsel was not ineffective for not filing an appeal.

III. Certificate of appealability and motion to appeal *in forma pauperis*

Pursuant to Rule 11(a) of the Federal Rules Governing § 2255 Proceedings, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). "[A] COA does not require a showing that the appeal will succeed." *Miller-El v. Cockrell,* 537 U.S. 322, 337 (2003). Rather, "[a] prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part. [The Court] do[es] not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Id*. at 338 (internal citation and quotations omitted). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon consideration, the Court finds that no reasonable jurist would find its assessment of the constitutional claims presented debatable or wrong.

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C.A. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not

enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). *See also Weaver v. Patterson*, Civ. A. No. 11-00152-WS-N, 2012 WL 2568218, at *7 (S.D. Ala. June 19, 2012) (Nelson, M.J.), report and recommendation adopted, Civ. A. No. 11-00152-WS-N, 2012 WL 2568093 (S.D. Ala. July 3, 2012) (Steele, C.J.) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); see Fed. R. App. P. 24(a)(3)(A); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that 'good faith' is 'an objective concept' and that 'not taken in good faith' is 'a synonym for frivolous'); *DeSantis v. United Techs, Corp.*, 15 F. Supp. 2d 1285, 1288–89 (M.D. Fla. 1998) (stating that good faith 'must be judged by an objective, not a subjective, standard' and that an appellant 'demonstrates good faith when he seeks appellate review of any issue that is not frivolous'). An appeal filed *in forma pauperis* is frivolous if 'it appears that the Plaintiff has little to no chance of success,' meaning that the 'factual allegations are clearly baseless or that the legal theories are indisputably meritless.' *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)."). *But see, e.g., United States v. McCray*, No. 4:07CR20-RH, 2012 WL 1155471, at *2 (N.D. Fla. Apr. 5, 2012) ("Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal.").

Upon consideration, the Court finds and certifies that any appeal by Moore in this action would be without merit and therefore not taken in good faith. Accordingly, Moore is not entitled to appeal *in forma pauperis*.

IV. Conclusion

In accordance with the foregoing analysis, it is **ORDERED** that Moore's claim regarding trial counsel's failure to file an appeal is DENIED.  Accordingly, Moore's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 66) is DENIED.

DONE and ORDERED this the 15th day of September 2014.

/s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE