IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 2:11-00229-KD |
| | ) |
| RICHARD LEON MOORE, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on the defendant Richard Leon Moore's "Motion to Correct Sentence" pursuant to Rule 35 of the Federal Rules of Criminal Procedure (doc. 140). Upon consideration, and for the reasons set forth herein, the motion is dismissed for lack of jurisdiction, or alternatively, denied.[1]

Rule 35 is captioned "Correcting or Reducing a Sentence" and provides for "correcting clear error". Fed. R. Crim. P. 35(a).[2] The Rule states as follows: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." *Id*. The Court of Appeals for the Eleventh Circuit has held that this 14-day time period is jurisdictional. Since Moore filed his motion over four years after the judgment was entered on June 22, 2012 (doc. 64), the Court lacks jurisdiction to consider the motion, and it is due to be dismissed for lack of jurisdiction. *See United States v. Spaulding*, 595 F. App'x 906, 908-09 (11th Cir. 2014) (affirming

---

[1] To the extent that Moore's Rule 35 motion is an attempt to file a second or successive motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, the motion is dismissed for lack of jurisdiction. Moore has not obtained leave from the Court of Appeals for the Eleventh Circuit to file a second or successive motion as required by 28 U.S.C. § 2244(b)(3). *See Drayton v. United States*, 2006 WL 1528606, at *3 (M.D. Ala. May 26, 2006) (construing the Rule 35(a) and Rule 36 motion as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and dismissing for lack of jurisdiction).

[2] Subparagraph (b) of Rule 35, which provides for reduction of sentence for substantial assistance, does not apply.

the district court's decision to dismiss for lack of jurisdiction, a Rule 35(a) motion that was filed "well outside the 14-day window" and explaining that the "time for filing a Rule 35 motion is jurisdictional").

Moore may have intended to make his motion pursuant to Fed. R. Crim. P. 36.[3]  On the second page, he states: "Rule 35 … permits the courts to correct an illegal sentence at any time" (doc. 140, p. 2). The phrase "at any time" appears in Rule 36, which states: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

However, the Rule does not provide the Court with authority to correct a sentence. The Eleventh Circuit has explained that "Rule 36 may not be used to make a substantive alteration to a sentence." *United States v. Morman,* 630 Fed. Appx 1007, 1008 (11th Cir. 2016) (per curiam); *United States v. Parson*, 470 Fed. Appx. 838, 839 (11th Cir. 2012) (Rule 36 "does not allow for a substantive correction or alteration to a criminal sentence.") (citing *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004)).  Review of Moore's motion shows that he asks the "court to correct his sentence" and argues that his "sentence was imposed in violation of law" (doc. 140). Therefore, to the extent that the motion is based on Rule 36, it is due to be denied.

**DONE** and **ORDERED** this 11th day of October 2016.

> s/ Kristi K. DuBose
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**

---

[3]  "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *Gooden v. United States*, 627 F.3d 846, 847 (11th Cir. 2010) (quotation marks and citation omitted)."