# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **RICHARD LEON MOORE,** | ) |
| | ) |
| vs. | ) CRIMINAL NO. 11-00229-KD-B |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |

## ORDER

This matter is before the Court on Defendant Richard Leon Moore's Motion Pursuant to 28 U.S.C. § 2255 and Motion for Review of Sentence (Docs. 155, 156). For the reasons discussed herein, both motions are **DENIED for lack of jurisdiction**.

On May 26, 2017, the Court denied Defendant's third attempt to file a motion pursuant to 28 U.S.C. § 2255 for lack of jurisdiction due to Defendant's failure to obtain the required authorization from the Court of Appeals for a second or successive motion. (Doc. 147). On June 7, 2017, Defendant file a Notice of Appeal pertaining to the Court's May 26, 2017 Order. (Doc. 149). On July 3, 2017, Defendant filed a Motion to Proceed In Forma Pauperis on Appeal. (Doc. 153). On July 17, 2017, the Court denied Defendant's In Forma Pauperis Motion. (Doc. 154).

As the Court has explained to the Defendant on several previous occasions, a Defendant wishing to file a second or successive motion pursuant to § 2255 must first obtain authorization to do so from the Court of Appeals. The Court lacks jurisdiction to consider an unauthorized successive § 2255. *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005)("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."); *See also* Rule 9 of the Rules Governing § 2255 Habeas Cases ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8.").

Defendant's Motion for Review of a Sentence (Doc. 156), which includes claims that his sentence was imposed in violation of the law and that he received ineffective assistance of counsel, is simply another attempt at an unauthorized successive § 2255 motion. Regardless of how the motion is styled, its substance attacks Defendant's sentence. For this reason, the Court also lacks jurisdiction to consider this motion as Defendant failed to obtain the required authorization from the Court of Appeals. *See e.g. United States v. Hernandez*, 369 F. App'x. 72, 73 (11th Cir. 2010)("The district court did not construe Hernandez's motion as an unauthorized successive § 2255 petition, and Hernandez did not style his motion as one seeking § 2255 relief. Even so, the substance of his arguments amounts to a collateral attack on the constitutionality of his sentence….he argues that he 'has been accused, convicted, and sentenced to prison for a crime he did not commit,' and he asks this Court to 'give him the relief that is entitled.' Because Hernandez's motion is an unauthorized successive § 2255 petition, we reverse and remand with instructions that the district court dismiss the motion for lack of subject matter jurisdiction.").

As both of Defendant's motions are attempts to file successive § 2255 motions without the proper authorization from the Court of Appeals, both motions (Docs. 155 and 156) are **DENIED for lack of jurisdiction**.[1]

**DONE** and **ORDERED** this **3rd** day of **August 2017.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] The Clerk is direct to enclose copy of the Eleventh Circuit Court of Appeals' Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence (28 U.S.C. § 2255) when a copy of this Order is mailed to the Defendant.