IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 2:11-00229-KD-B |
| | ) |
| RICHARD LEON MOORE, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Richard Leon Moore's Motion for Compassionate Release / Reduction of Sentence 18 U.S.C. § 3582(c)(1)(A)(i), supplements to the motion and letter enclosing commendations for his work performance (docs. 181, 183, 185, 193), the United States' response (doc. 187), Moore's medical records (doc. 190, sealed), and the notice of limited appearance on behalf of Moore filed by attorney Robert H. Turner, Jr. (doc. 191). Upon consideration, and for the reasons set forth herein, the motion is DENIED.

I. Background

In August 2011, Moore and codefendant Joe Lewis Benjamin were charged in an eight count Indictment with offenses involving the sale of cocaine base in the Northern Division of the Southern District of Alabama (doc. 1). Moore was charged in all eight counts. He pled guilty to Count One, conspiracy to distribute and possess with intent to distribute cocaine base (doc. 64). Pursuant to the United States Sentencing Guidelines, Moore was found to be a career offender. Therefore, his criminal history category was VI, and with a total offense level of 31, his Sentencing Guidelines range was 188 to 235 months. In June 2012, he was sentenced to serve 188 months, concurrent with any yet to be imposed state sentence, and credit for time served since April 5, 2011 (doc. 64).

Moore is now 46 years old. He has served almost 10 years of his sentence. His release date is September 24, 2024. He is incarcerated at FPC Pensacola in Pensacola, Florida. As of April 9,

2021, nine staff members at FPC Pensacola were positive for Covid 19 but no inmates, thirty-seven inmates and fourteen staff members had recovered. No deaths were reported. https://www.bop.gov/coronavirus/.

II. Procedural requirements

Before Section 603(b) of the First Step Act of 2018 was enacted, the district court could grant a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A), the compassionate release provision, only if the Director of the Bureau of Prisons filed the motion.  Now, in relevant part, the statute, as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment…". 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

The United States agrees that Moore has met the procedural requirements and is properly before the Court (doc. 187, p. 17).  Moore filed a request with the Warden of FPC Pensacola on May 26, 2020 and the Warden denied the request on August 21, 2020 (doc. 181, p. 7-13). Moore filed his motion in October 2020. Therefore, more than 30 days had lapsed since the Warden received his request.

III. Compassionate release

Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); United States v. Shaw, 711 Fed. Appx. 552, 554-55 (11th Cir. 2017) (same). Specifically, the "court may not modify a term of imprisonment once it has been imposed except"

as set out in 18 U.S.C. § 3582(c). See United States v. Pubien, 805 Fed. Appx. 727, 730, (11th Cir. Feb. 25, 2020) (quoting 18 U.S.C. § 3582(c)).

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i) provides that the Court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)", if the Court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The applicable Policy Statement, U.S.S.G. § 1B1.13, has not been amended since the enactment of the First Step Act. Therefore, the Sentencing Commission has not set out the policy to apply when inmates file the motion.  Instead, the Policy Statement sets out the policy to apply "[u]pon motion of the  Director of the Bureau of Prisons". Id.

> However, the Court of Appeals for the Eleventh Circuit recently stated that
>
> We've not yet held in a published opinion whether § 1B1.13, which on its face applies only to motions for compassionate release filed by the BOP and has not been amended following the First Step Act, constrains district courts in considering compassionate release motions filed by prisoners themselves. However, we've held that the district court's consideration of the policy statements in § 1B1.13 was not an abuse of discretion.

United States v. Granda, - - - Fed. Appx. - - -, 2021 WL 1246252, at *1 (11th Cir. Apr. 5, 2021) (citing United States v. Harris, - - - F. 3d - - -, 2021 WL 745262, *3 & n.2 (11th Cir.  Mar. 2, 2021).

> The Eleventh Circuit further states that
>
> Section 3582(c)(1)(A) still requires any reduction to be consistent with the sentencing commission's applicable policy statements.  The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13, and provide that the court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a),[1]  to the extent that they are applicable," it finds, in relevant part,

3

that extraordinary and compelling reasons warrant the reduction. The court must determine that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), <u>before</u> it can determine whether extraordinary and compelling reasons exist. U.S.S.G. § 1B1.13; id., comment. (n.1). In determining whether an individual is a danger to others, the court can consider: (1) the offenses' nature and circumstances; (2) the weight of the evidence against the person; (3) the person's history and characteristics; (4) the nature and seriousness of the danger to any person of the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

> 1. The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

<u>United States v. Granda</u>, 2021 WL 1246252, at *1 (underlining in original).

Moore argues that extraordinary and compelling reasons exist to release him from prison (doc. 181). He points out that Covid 19 is present at FPC Pensacola. He argues that his serious health conditions – heart disease, obesity, pre-diabetes, and gastro-esophageal reflux - place him at increased risk of serious illness or death should he contract Covid 19. Moore argues that he has been in prison for almost ten years, has an excellent record with no disciplinaries, completed over 22 classes including drug treatment, maintained a job during his incarceration, and is not a risk of danger to the community should he be released. Moore also provides a copy of his supervisor's evaluation which commends Moore on his work skills as a heavy and light equipment mechanic, work ethic, dedication, and character (doc. 193).

The United States concedes that Moore's obesity qualifies as an extraordinary and compelling reason for a sentence reduction during the Covid 19 pandemic (doc. 187, p. 18). The United States points to guidance from the Centers for Disease Control and Prevention (CDC), and states "that obese adults such as Moore, or those who have a BMI between 30 and 39, are at increased risk of severe illness from Covid-19" (Id.) (https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical conditions/.html) (as updated February 22, 2021)). The United States argues that Moore's motion should be denied because the factors contained in 18 U.S.C. § 3553(a) weigh against release (doc. 187, p. 18-19) The United States asserts that Moore's sentence reflects the seriousness of his offense, sufficiently punishes him for the crime, and is necessary to prevent future criminal conduct and protect the public. (Id.).

Moore's rehabilitation and prison record is commendable. However, his criminal history which includes assault with a gun and multiple convictions for drug distribution warrants the sentence imposed. 18 U.S.C. § 3553(a)(1). The Court has also considered the nature and circumstances of Moore's current offense and finds that this factor does not weigh in favor of a sentence reduced to time served. 18 U.S.C. § 3553(a)(1). In this circumstance, where Moore received his third conviction for distribution of drugs, early release would not meet the need for the sentence imposed to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense", or to adequately deter criminal conduct and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A), (B), & (C). Accordingly, Moore's motion for compassionate release is denied.

**DONE** and **ORDERED** this 14th day of April 2021.

                                                    <u>s / Kristi K. DuBose</u>
                                                  **KRISTI K. DuBOSE**
                                                  **CHIEF UNITED STATES DISTRICT JUDGE**